OPINION
On July 31, 1997, custody of Colton Zane Kramer born December 4, 1993 was changed from appellant, Cathleen Cogar, to appellee, Kevin Kramer. Appellant was ordered to pay child support in the amount of $51.87 per week. Appellee was ordered to pay a child support arrearage of $3,138.42, to be paid in weekly installments. Thereafter, numerous motions were filed by each party. Appellant filed contempt motions against appellee for denying her visitation with the child and appellee filed contempt motions against appellant for her failure to pay child support. Several hearings were held with a final hearing held on April 7, 2000. By judgment entry filed April 11, 2000, the trial court found appellant in contempt for failure to pay child support, ordered her to serve a previously suspended jail sentence, ordered an additional sixty days, suspended on conditions, and ordered her to pay $6,000.00 to appellant for attorney fees. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE INDIGENT PLAINTIFF TO PAY $6,000.00 IN ATTORNEY FEES TO DEFENDANT WITHOUT SUFFICIENT EVIDENTIAL BASIS TO ESTABLISH THAT THE FEES WERE DIRECTLY RELATED TO THE DEFENDANT'S CONTEMPT MOTION, THAT THEY WERE REASONABLE, AND THAT PLAINTIFF HAD THE ABILITY TO PAY THEM.
 I
Appellant claims the trial court erred in awarding attorney fees. Appellant claims the trial court did not have sufficient evidence to establish that the fees were directly related to the contempt motion, were reasonable, or that appellant could afford to pay the amount. An award of attorney fees is within the sound discretion of the trial court. Swanson v. Swanson (1976), 48 Ohio App.2d 85. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993),66 Ohio St.3d 610. In its judgment entry of April 11, 2000, the trial court stated the decision on the amount of attorney fees was based solely on appellee's testimony. We find that because the billing statement itself (Defendant's Exhibit A) is not clear as to which motions the various fees are charged against, the award of $6,000.00 is not supported by credible, reliable evidence. As to the issue of appellant's ability to pay, the trial court found the following: The Court finds Plaintiff has had five or six places of employment since the trial in July, 1997, and based upon her testimony, has had approximately seventeen places of employment as a result of testimony at the first trial in July, 1997 and the hearing April 7, 2000. * * * The Court finds Plaintiff is capable of working, but has failed to maintain employment * * *.
See, Judgment Entry filed April 11, 2000.
We find these conclusions were supported by the record. April 7, 2000 T. at 12-14. Upon review, we find the trial court did not abuse its discretion in awarding attorney fees. However, we reverse and remand the matter to the trial court to determine what portion of the billing statement is assignable to the contempt motion, and to award attorney fees accordingly. Assignment of Error I is granted.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.